UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| MARK ANTHONY JACKSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-CV-25-DCR-MAS |
| | ) | |
| JOHN PROCTOR, Jailer, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**REPORT & RECOMMENDATION**

This matter is before the Court on Plaintiff Mark Anthony Jackson, II's ("Jackson") Motion for Injunctive Relief to Provide Access to Law Library and Law Book [*sic*]. [DE 17]. The District Court referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b). Because Jackson requested relief in his motion for an injunction that is unrelated to the relief he seeks in his Complaint, the Court recommends the motion be denied.

**I.    PROCEDURAL HISTORY**

In February 2020, Jackson filed an action in this district against one of the defendants in this case, Jailer John Proctor ("Proctor"), alleging, in part that while incarcerated at the Carroll County Detention Center ("CCDC") he was denied access to the law library and law books, he was denied notary services, copies, and he was told he was not allowed "to exercise or challenge [his] incarceration or living conditions." *See Jackson v. Proctor, et al.*, 3:20-CV-00018-DCR, DE

1

1 ("February 2020 Lawsuit").[1]  The District Court dismissed that lawsuit on March 3, 2020, instructing Jackson that if he wished to pursue his claims he must file a new Complaint using the proper form, request in forma pauperis status or pay the filing fee, and to remedy the substantive deficiencies in the February 2020 Lawsuit's Complaint. [*See* Order of Dismissal, 3:20-CV-00018-DCR, DE 8].

Jackson subsequently filed the Complaint in this case. In it, Jackson alleges that the named defendants retaliated against him for filing the February 2020 Lawsuit by opening, reading, and withholding his legal mail. He claims these actions violate his First, Sixth, and Fourteenth Amendment rights. He requests the following injunctive relief: "Constitutional rights enforced, policy change to protect inmates [*sic*] rights. Legal mail opened and/or read in inmate's presence, as well as inspected. Court costs, filing fee and Attorney fees." [Complaint, DE 1 at Page ID # 8].

## II.   ANALYSIS

To succeed on his motion for preliminary injunction, Jackson must establish all of the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Before the Court can reach the question of whether Jackson has satisfied those four factors, however, Jackson "'must necessarily establish a relationship between the injury claimed in [Jackson's] motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). This is

---

[1] Jackson has filed several other lawsuits against Jailer John Proctor and others at the CCDC just this year. *See* 3:20-CV-37-DLB (dismissed); 3:20-CV-20-DCR (dismissed); 3:20-CV-30-KKC; and 3:20-CV-39-GFVT. Jackson is cautioned not to abuse the court system with redundant, vexatious litigation.

because the purpose of a preliminary injunction is to protect the movant during the pendency of the lawsuit from "'being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id*. (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Here, the harm Jackson seeks to redress in his motion for a preliminary injunction is not the same harm he seeks to remedy in his Complaint. Jackson alleges in his Motion for an Injunction that Proctor has retaliated against him by refusing to provide law books and access to the CCDC's law library and requests the Court order Proctor to allow him to access these materials.[2] In contrast, the conduct asserted in the Complaint herein is that Proctor and others were reading and/or withhold Jackson's legal mail.[3] *See Annabel v. Frost*, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018) (Denying a preliminary injunction where "[t]he allegations in his motion for injunctive relief—that his legal mail has been withheld and that he has been denied meaningful access to the law library—are wholly unrelated to the underlying claim[]" that the defendants issued false misconduct reports.). Admittedly, Jackson's allegations in his February 2020 Complaint, his Complaint in this case, and his motion for a preliminary injunction are all factually intermingled. However, Jackson has asked for relief in his preliminary injunction motion (that the Court require Proctor to permit Jackson to access law books and the law library), without "establish[ing] a relationship" between that relief and "the conduct asserted in the complaint" (that

---

[2] Jackson argues that he must have access to the law library and law books to pursue his claims in this lawsuit.

[3] Jackson alleged in his February 2020 Lawsuit that Proctor and other defendants denied him access to the law library and law books. Jackson referenced the February 2020 claims in his Complaint in this case ("As of Feb. 2020 I filed a [*sic*] action against Carroll Co. Jailer regards denial to access courts, and Law library.") but did not make any claims or seek relief related to accessing the law library or law books at CCDC.

the defendants are opening, reading, and withholding his legal mail). *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Thus, Jackson's motion for a preliminary injunction should be denied.

### III.    CONCLUSION

Accordingly, the Court **RECOMMENDS** the District Court **DENY** Jackson's Motion for Injunctive Relief to Provide Access to Law Library and Law Book [DE 17]. Pursuant to FED. R. CIV. P. 72 and 28 U.S.C. § 363(b) and (c), the parties shall file objections to this Report and Recommendation within fourteen days from the date of entry of the same.

Entered this 27th day of July, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge