UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MARK ANTHONY JACKSON, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-CV-25-DCR-MAS ) |
| JOHN PROCTOR, Jailer, et al., | ) ) |
| Defendants. | ) ) ) ) |

**REPORT & RECOMMENDATION**

The pro se plaintiff in this case, Mark Anthony Jackson, II, ("Jackson"), appears to have abandoned this lawsuit. Accordingly, the Court recommends the District Court dismiss this case and strike it from the active docket.

Defendants in this case, Carroll County, Kentucky, John Proctor, Logan Hulsey, and Brian Cooper (collectively, "Defendants") responded to the Court's Show Cause Order suggesting the Court dismiss this case for failure to prosecute. [DE 39]. Although Defendants did not make a formal motion, the Court agrees that dismissal is appropriate at this juncture.

Jackson did not respond to Defendants' Motion to Compel [DE 33] or the Court's Orders dated October 22, 2020, November 10, 2020, and December 4, 2020, all of which required a response. Defendants reported to the Court that Jackson was released from custody at the Carroll County Detention Center on September 1, 2020. Jackson did not provide a forwarding address; the Orders the Court has served on Jackson since his release at his last known address have been returned as undeliverable. [*See* DE 36 and 40].

1

Local Rule 5.3(e) requires "[a]ll pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3(e). In addition to the Local Rule permitting dismissal for failure to update his address, "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). *See* FED. R. CIV. PRO. 41. ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). "On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)(citations omitted).[1]

Jackson has not participated in this case in seven months. [DE 20 and 21]. He has not updated his address with the Clerk's office. According to Defendants, he did not respond to their discovery requests. [DE 33]. He did not respond to the Motion to Compel [DE 33], the Orders requiring a response to the Motion to Compel [DE 34 and 36], or the Show Cause Order warning him that failure to respond could result in dismissal of the case [DE 38]. By all appearances,

---

[1] As to the merits of this case, the Court makes no recommendation, but notes that Jackson sought to enjoin the warden and others at the jail from opening his legal mail. Now that he has been released, these claims appear to be moot.

2

Jackson has abandoned this lawsuit. He has not provided the Court or Defendants his current address. He has delayed in answering discovery and ignored the Court's Orders to respond. He further ignored the Court's Order warning him that additional failure to respond could result in dismissal. The Court finds there is a "clear record" of "contumacious conduct by the plaintiff" herein. *Id*. Accordingly, the Court finds that dismissal of this case is appropriate.

For the reasons stated herein, the Court **RECOMMENDS** this matter be **DISMISSED WITH PREJUDICE** pursuant to LR 5.3(e) and Fed. R. Civ. P. 41(b) and **STRUCK** from the Court's active docket.

Pursuant to FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1)(B), the parties shall have fourteen days to file objections to this Report and Recommendation, for de novo consideration by Chief Judge Reeves.

Entered this 27th day of January, 2021.

