UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MARK ANTHONY JACKSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 20-025-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN PROCTOR, Jailer, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Mark Anthony Jackson, II, proceeding *pro se*, filed this action against officials at the Carroll County Detention Center, where Jackson was being held. He claimed that the defendants interfered with his access to legal mail. [Record No. 1] Supervision of pre-trial proceedings was referred to United States Magistrate Judge Matthew A. Stinnett. [Record No. 15] In accordance with 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Stinnett issued a Report and Recommendation concerning the defendants' motion to compel on January 27, 2020. [Record No. 41]

Because Jackson failed to respond to the defendants' motion after being ordered to do so [Record No. 34], and because he failed to respond to two subsequent show cause orders [Record Nos. 37 and 38], the magistrate judge recommended that this matter be dismissed for failure to prosecute. [Record No. 41, pp. 2-3] Neither Jackson nor the defendants filed objections to the recommendation.

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither

- 1 -

party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court has conducted a *de novo* review of the matter and agrees that dismissal is appropriate.

First, Jackson has failed to update his mailing address in violation of Joint Local Rule of Civil Practice 5.3(e). This has resulted in two orders of the Court being returned as undeliverable. Additionally, he has not participated in this case for over eight months. His last filing, dated June 15, 2020, sought "an order to dismiss" this matter because of his willingness to reach a settlement, but the defendants opposed the motion.[1] [Record Nos. 20, 25]

Finally, this is not the only action Jackson has abandoned. Beginning in early 2019, he filed no less than six lawsuits against Carroll County officials related to his confinement. Of the six filed in this Court, the current action is the only one that has not been dismissed. Three of the actions were voluntarily dismissed by Jackson himself. *See* Record Number 27, *Jackson v. Carrol Co., Ky., et al.*, Frankfort Civil Action No. 20-030-KKC. Thus, the Court agrees that dismissal is appropriate.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation filed by United States Judge Matthew A. Stinnett on January 27, 2021 [Record No. 41] is **ADOPTED** and **INCORPORATED** by reference.

2. The defendants' motion to compel [Record No. 33] is **DENIED**, as moot.

---

[1] The defendants provided notice that Jackson was released from custody on September 1, 2020. [Record No. 35] Because his claims concern alleged constitutional violations occurring during his confinement, his release appears to have mooted those concerns.

- 3 -

      3.      This matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

Dated: February 18, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky